# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THOMAS MORRIS**                                                            **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 3:17-cv-816-DPJ-FKB**

**MISSISSIPPI SUPREME COURT**                                    **DEFENDANT**

## **REPORT AND RECOMMENDATION**

On October 13, 2017 Plaintiff, Thomas Morris, filed a complaint in this Court against the Mississippi Supreme Court. [1] On the same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs [2], requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Morris has not provided information such that the Court could find him indigent under the law, and therefore he should not be allowed to proceed *in forma pauperis*. In his sworn financial statement, Morris does not list any income, expenses, or assets. Thus, Morris has not provided sufficient information such that the Court could find him to be indigent under the law and eligible to proceed without prepayment of filing fee per 28 U.S.C. § 1915.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Because Morris has not provided the necessary financial information, the Court cannot find that he would be rendered destitute by paying the filing fee, nor can it find that he would be barred from the federal courts due to his lack of financial resources. Accordingly, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given until February 28, 2018, to pay the filing fee in this cause and all of the costs associated with the filing of this lawsuit. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by February 28, 2018, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 21st day of December, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE